ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

Attorneys for Plaintiff
KERRY LEONARD

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY LEONARD, | Case No: 5:21-CV-0447 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) VIOLATIONS OF THE FAIR CREDIT REPORTING ACT** |
| CREDITFIRST, N.A., and EQUIFAX INFORMATION SERVICES LLC, | **(2) VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT** |
| Defendants. | |
| | JURY TRIAL DEMANDED |

Plaintiff Kerry Leonard hereby complains against defendants Creditfirst, N.A., and Equifax Information Services LLC, and alleges on information and belief as follows:

**OPERATIVE FACTS**

1. Plaintiff applied for a home equity line of credit, and the potential lender notified plaintiff that it was denying plaintiff credit because defendant Equifax Information Services LLC ("Equifax") had notated in plaintiff's credit file that she was deceased. Equifax told plaintiff the notation appeared in her credit file as a result of inaccurate data supplied by defendant Creditfirst, N.A. ("Creditfirst").

2. Plaintiff attempted to get both Equifax and Creditfirst to correct the inaccurate notation in her credit file that she was deceased. Plaintiff directly notified both defendants of the inaccurate credit reporting, but Equifax blamed Creditfirst, and Creditfirst blamed Equifax.

3. Plaintiff initiated a request for reinvestigation to Equifax. Equifax responded to the request for reinvestigation by advising plaintiff that "This account/item has been deleted to no longer report as deceased." If Equifax did in fact delete the notation from plaintiff's Equifax credit file, it subsequently permitted the notation to be reinserted or revived. Plaintiff could still not get the credit she desired, until her Equifax credit file showed her as a living person.

4. Plaintiff initiated at least four further requests for reinvestigation to Equifax concerning the "deceased" notation. In response to these requests, and in violation of the Fair Credit Reporting Act ("FCRA"), Equifax did not conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate, did not record the current status of the disputed information, and/or did not delete the item from plaintiff's credit file. In violation of the FCRA, Equifax also failed to notify Creditfirst, the alleged furnisher of the "deceased" notation, that the inaccurate information had been deleted.

5. In violation of the FCRA, Equifax failed to provide written notice to

1

plaintiff of the results of one or more of its reinvestigations, within five business days of the completion of the reinvestigation. In the alternative, Equifax provided written notice to plaintiff of the results of one or more of its reinvestigations, but failed to include all the information required by 15 U.S.C. § 1681i(a)(6)(B).

6. Subsequent to plaintiff's requests for reinvestigation, and in violation of the FCRA, Equifax failed to note in plaintiff's consumer credit reports which included a "deceased" notation, that plaintiff disputed that information. In violation of the FCRA, Equifax did not maintain reasonable procedures designed to avoid its failure to report the information as disputed.

7. In preparing plaintiff's consumer credit reports, and in violation of the FCRA, Equifax did not follow reasonable procedures to assure the maximum possible accuracy of the information it was compiling or providing about plaintiff.

8. Defendant Creditfirst received notice from Equifax of one or more of plaintiff's requests for reinvestigation to Equifax, and in violation of the FCRA: (1) failed to conduct a reasonable investigation with respect to the disputed information, and/or (2) failed to review all relevant information provided by Equifax, and/or (3) failed to report the results of its investigation to Equifax, and/or (4) failed to report to all other credit reporting agencies to which it had furnished the "deceased" notation, the results of its investigation, and/or (5) failed to delete or block the inaccurate information, and/or (6) failed to report that plaintiff disputed that she was "deceased."

## JURISDICTION AND VENUE

9. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendants are subject to the court's personal jurisdiction here.

**PARTIES**

11. Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

12. Defendant Creditfirst, N.A. is a national banking association with its headquarters located in Ohio.

13. Defendant Equifax Information Services LLC is a Georgia limited liability company with its headquarters located in Atlanta, Georgia.

**FIRST CAUSE OF ACTION**
**(Against all Defendants for Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.)**.

14. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c). Defendants are "persons" as defined by 15 U.S.C. § 1681a(b). Defendant Equifax is a "consumer reporting agency" as defined at 15 U.S.C. § 1681a(f).

16. Defendant Equifax violated 15 U.S.C. §§ 1681c(f) and 1681e(a), as alleged above.

17. Defendant Equifax violated 15 U.S.C. § 1681e(b), as alleged above.

18. Defendant Equifax violated 15 U.S.C. § 1681i(a)(1)(A), as alleged above.

19. Defendant Equifax violated 15 U.S.C. § 1681i(a)(5)(A), as alleged above.

20. Defendant Equifax violated 15 U.S.C. § 1681i(a)(6)(A), as alleged above.

21. Defendant Equifax violated 15 U.S.C. § 1681i(a)(6)(B), as alleged above.

22. Defendant Creditfirst violated 15 U.S.C. § 1681s-2(b), as alleged above.

23. Defendants' violations were willful.

24. In the alternative, defendants' violations were negligent.

25. Plaintiff has suffered actual damages as a result of defendants' violations, and is entitled to recover such actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

26. Plaintiff is entitled to actual damages or damages of between $100 and $1000, whichever is greater, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

27. Plaintiff is entitled to recover punitive damages pursuant to 15 U.S.C. § 1681n.

28. Plaintiff is entitled to recover the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against Defendant Creditfirst for Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 et seq.)**

29. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

30. Defendant Creditfirst violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when it knew or should know have known the information was incomplete or inaccurate.

31. Plaintiff has suffered actual damages as a result of defendant's unlawful acts, including but not limited to court costs, attorneys fees, and pain and suffering.

32. Defendant's violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

33. Defendant's violations of the Consumer Credit Reporting Agencies Act were willful, entitling plaintiff to recover punitive damages of up to $5,000 per violation, and any other relief the court deems proper, pursuant to Civil Code §

1785.31.

34. Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code § 1785.31(d).

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated: March 12, 2021

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
Alexander B. Trueblood

Attorneys for Plaintiff
KERRY LEONARD